ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DARREN STROEDE and LINDA STROEDE,** ) ) ) **Plaintiffs,** ) ) vs. ) ) **CHASE MANHATTAN AUTOMOTIVE** ) **FINANCE CORPORATION,** ) ) **Defendant.** ) _____ ) | Case No. 09-4033-JAR |

## MEMORANDUM AND ORDER

Plaintiffs Darren and Linda Stroede brought this action in state court against defendant Chase Manhattan Automotive Corporation ("CMA") alleging claims tied to the repossession of Darren Stroede's vehicle that also contained personal property belonging to Linda Stroede.[1] This matter is before the Court on defendant's Motion to Dismiss and to Compel Arbitration (Doc. 2) and plaintiffs' Motion for Order to Settle Journal Entry (Doc. 6). As explained more fully below, defendant's motion to compel arbitration is granted and its motion to dismiss plaintiff Linda Stroede is granted. Plaintiff's motion is likewise granted. The Court finds that Linda Stroede's claim should be dismissed without prejudice.

Defendant filed its motion on April 8, 2009; plaintiffs did not file a response.[2] On June 1, 2009, plaintiffs filed a "Motion for Order to Settle Journal Entry," stating that while they agreed

---

[1] The Petition was filed in state court on March 11, 2009 (Doc. 1, Ex. 1.)

[2] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days).

that plaintiff Darren Stroede should be compelled to arbitrate his claim due to the presence of an arbitration clause in the subject installment contract and that plaintiff Linda Stroede's claims should be dismissed, the parties disagreed as to whether plaintiff Linda Stroede's claim should be dismissed with or without prejudice.[3]  Plaintiff urges that Linda Stroede's claim is governed by a two-year statute of limitation because it sounds in the common law tort of conversion,[4] while defendant maintains that her claim arises under the Kansas Uniform Commercial Code and Kansas Consumer Credit Code, which provide for a one-year statute of limitations.[5]  The parties appear to agree that the resolution of the applicable statute of limitations is dispositive as to whether the dismissal should be with or without prejudice.

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.[6]  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[7]  "In other words, plaintiff must allege sufficient facts to state a claim that is plausible—rather than merely conceivable—on its face."[8]  The court makes all

---

[3]Plaintiff Linda Strode did not file a notice of voluntary dismissal under Fed. R. Civ. P. 41(a), which would have the effect of dismissal without prejudice unless stated otherwise.  See Fed. R. Civ. P. 41(a)(1)(B).

[4]See K.S.A. § 60-513.

[5]See K.S.A. § 16a-5-203.

[6]See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).

[7]Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Allen v. Kline, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing Bell Atl. Corp v. Twombly, 127 S. Ct. 1955, 1964–65 (2007)).

[8]Allen, 507 F. Supp. 2d at 1155 (quoting Twombly, 127 S. Ct. at 1974).

reasonable inferences in favor of plaintiff.[9]  The court need not accept as true those allegations that state only legal conclusions.[10]

The petition sets forth plaintiff Linda Stroede's claim as follows:

> 11.  When the Defendant repossessed the 1999 Chrysler LHS Sedan, there was personal belongings of the Plaintiff Linda Stroede, including the tool chest, jumper cables, computer printer, portable luggage carrier and other personal items.
> 12.  The Defendant failed to sell this automobile in a commercially reasonable manner thereby willfully and intentional converting Plaintiffs' interest in the 1999 Chrysler LHS Sedan.
> 13.  Plaintiffs have been damaged in the sum of $6,525.00 plus personal property.
> 14.  Plaintiffs are entitled to all of the relief provided under the Kansas Uniform Commercial Code and Kansas Consumer Credit Code, including expenses of litigation and attorney fees.

While the Petition does not clearly state a "label" for plaintiff Linda Stroede's claim with regard to her personal property, she does allege that her personal belongings were taken and that she suffered damages in the amount of her personal property.  Under Kansas law, conversion is "the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights."[11]  The appropriate measure of damages is generally the fair and reasonable market value of the property converted at the time of conversion.[12]  Construing the Petition in the light most favorable to plaintiff, the Court agrees that it alleges sufficient facts to state a claim that is plausible for conversion under Kansas

---

[9] *See Zinermon*, 494 U.S. at 118; *see also* Fed. R. Civ. P. 8(a).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *See, e.g.*, *Werdann v. Mel Hambelton Ford, Inc.*, 79 P.3d 1081, 1087 (Kan. Ct. App. 2003).

[12] *Id.*

law with regard to plaintiff Linda Stroede.[13]  Because a two-year statute of limitations applies to such actions, the Court finds that the dismissal of this claim should be without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss and to Compel Arbitration (Doc. 2) and plaintiffs' Motion for Order to Settle Journal Entry (Doc. 6) are **granted**.  Plaintiff Darren Stroede's claims are stayed pending arbitration and he is ordered to submit his claims to arbitration in the manner set forth in the "Agreement to Arbitrate Disputes" contained within the "Retail Installment Contract with Balloon Payment Options" attached as Exhibit A to the Petition.  In the course of such arbitration, defendant shall raise any counterclaims that it was required to raise in this lawsuit.

Counsel for the parties are directed to report to the Court in writing **no later than September 1, 2009**, concerning the status of arbitration in the event that it has not been terminated earlier.  Failure to so report will lead to dismissal of this case for lack of prosecution.

Plaintiff Linda Stroede's claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  June 17, 2009

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE

---

[13] In making this finding, the Court in no way rules on the merits of this claim or the ability of plaintiff to successfully litigate this claim in any subsequent action.